UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTINE MOORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:09CV1454 FRB |
| | ) |
| THE NEIMAN MARCUS GROUP, INC., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

Presently pending before the Court is defendant Neiman Marcus Group, Inc.'s Motion to Dismiss or Stay (Doc. #7). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

Plaintiff Christine Moore brought this action in the Circuit Court of St. Louis County, Missouri, alleging that defendant Neiman Marcus Group, Inc. ("Neiman Marcus"), unlawfully discriminated against her in her employment in violation of the Missouri Human Rights Act (MHRA), Mo. Rev. Stat. §§ 213.010, et seq. Defendant Neiman Marcus removed the cause to this Court invoking federal diversity jurisdiction inasmuch as complete diversity exists between the parties and the amount in controversy exceeds $75,000.00. 28 U.S.C. §§ 1332, 1441. Defendant now seeks to dismiss or to stay this cause of action, arguing that the Court lacks subject matter jurisdiction over plaintiff's claims inasmuch as such claims are subject to arbitration. Plaintiff has not

responded to the motion.[1]  For the following reasons, defendant's motion is well taken and the matter should be dismissed.

Plaintiff began her employment with defendant on August 18, 1986, and left her employment on August 22, 2008.  (Deft.'s Notice of Removal, Exh. A.)[2]  During her employment, and specifically on June 25, 2007, plaintiff executed a Mandatory Arbitration Agreement Associate Acknowledgement Form whereby plaintiff indicated understanding that all complaints, disputes, and legal claims she may have against the defendant, including state and federal employment discrimination claims, would be submitted to final and binding arbitration, thereby waiving her right to a trial on such claims before a judge and/or jury.  (Deft.'s Memo. in Support of Mot. to Dismiss, Exh. A.)

In the instant cause of action, plaintiff claims she was discriminated against in her employment on account of her race and gender in violation of the MHRA.  Defendant argues that such claims must be submitted to arbitration under the Mandatory Arbitration Agreement and thus that this cause should be dismissed or stayed pending plaintiff's submission to arbitration.

---

[1]The Court held a hearing on the motion on November 3, 2009, at which counsel for plaintiff requested additional time to respond.  The Court granted the request and gave plaintiff through November 9, 2009, by which to file a response to the motion.  (See Doc. #14.)  To date, no response has been filed.

[2]For purposes of determining a motion to dismiss for lack of subject matter jurisdiction, the Court may consider matters outside the pleadings.  Drevlow v. Lutheran Church, Mo. Synod, 991 F.2d 468, 470 (8th Cir. 1993).

Where a claim, on its face, is subject to arbitration, a court lacks jurisdiction to decide the claim on its merits. See General Drivers & Helpers Union, Local No. 554 v. Mid-Continent Bottlers, Inc. (Omaha Div.), 767 F.2d 482 (8th Cir. 1985). In her Complaint here, plaintiff brings claims under the MHRA, which are subject to arbitration, Patterson v. Tenet Healthcare, Inc., 113 F.3d 832, 838 (8th Cir. 1997), and requests only that the claims be decided on their merits. Because plaintiff seeks determination on the merits of her arbitrable claims, this Court lacks subject matter jurisdiction to consider the claims.

The Federal Arbitration Act (FAA) applies to claims made under the MHRA inasmuch as the MHRA parallels Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e, et seq. Patterson, 113 F.3d at 838. Section 3 of the FAA provides that when claims are properly referable to arbitration, the Court shall, upon application of one of the parties, stay the trial of the action until arbitration is complete. 9 U.S.C. § 3. However, where all of the issues raised in the Complaint must be submitted to arbitration in accordance with a valid and enforceable arbitration agreement, *dismissal* of the cause, rather than imposing a stay, is appropriate. Alford v. Dean Witter Reynolds, Inc., 975 F.2d 1161, 1164 (5th Cir. 1992); Emeronye v. Caci Int'l, Inc., 141 F. Supp. 2d 82, 88 (D.D.C. 2001); Kalinski v. Robert W. Baird & Co., Inc., 184 F. Supp. 2d 944, 946-47 (D. Neb. 2002). See also Choice Hotels

Int'l, Inc. v. BSR Tropicana Resort, Inc., 252 F.3d 707, 709-10 (4th Cir. 2001); see also, e.g., Barker v. Golf U.S.A., Inc., 154 F.3d 788 (8th Cir. 1998) (affirming district court's dismissal of complaint on grounds that claims were properly subject to arbitration); Patterson, 113 F.3d at 834, 838 (same). Inasmuch as all of plaintiff's claims raised in the instant Complaint are subject to arbitration in accordance with a valid and enforceable arbitration agreement, the Court determines it appropriate to dismiss the instant Complaint so as to permit plaintiff to proceed with arbitration.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Neiman Marcus Group, Inc.'s Motion to Dismiss or Stay (Doc. #7) is granted to the extent it seeks to dismiss the instant cause of action. To the extent defendant seeks to stay the action pending arbitration, the motion is denied.

**IT IS FURTHER ORDERED** that plaintiff's Complaint is dismissed without prejudice for lack of subject matter jurisdiction.

An appropriate Judgment shall be entered forthwith.


UNITED STATES MAGISTRATE JUDGE

Dated this  _24th_  day of November, 2009.